KOSETANTY KAWRA, ADMR.
(Estate of Amelia Kawra)
*vs.*
FRANK B. MILLER, ET AL.

Superior Court      New Haven County      File No. 43283

MEMORANDUM FILED MARCH 29, 1939.

*Alexander Winnick,* of New Haven, for the Plaintiff.

*Carl A. Mears,* of New Haven, for the Defendants.

SIMPSON, J.   The action against the Frank B. Miller Company having been withdrawn in open court, the action against the named defendant only is to be considered.

The testimony presented shows a most unfortunate occurrence, which will also have to be classed as an unfortunate accident.

Of all the various grounds of negligence alleged in the complaint, the only one upon which any semblance of claim can be based is that the named defendant did not keep a proper lookout as he was driving along the highway and by reason thereof struck and caused the death of plaintiff's decedent. This is the claim that plaintiff now makes.

This claim, it seems to the court, opens up a field of surmise and conjecture.   Granting that the decedent was struck while upon the concrete surface of the highway, it has not been shown, nor can it be shown, how long she had been there, in what manner she came upon the concrete, and consequently, not shown she had been upon the concrete long enough for the defendant by the exercise of reasonable care to have avoided striking her.

On the other hand, the defendant could not have reasonably anticipated any one would have been upon the concrete at the time and in view of the conditions.   It was snowing hard, the visibility was very poor, his vision was more or less limited through those portions of his windshield not covered by the wipers; a truck was passing in the opposite direction with headlights shining in his windshield just before he got a flash of something red and quickly turned to the left.   These facts and others make it improbable that he could have reasonably seen the decedent before he did.   Under the circumstances the court cannot find that he was not keeping a reasonable lookout.

Judgment is therefore rendered for the defendant.